[Cite as *State v. Shea*, 2026-Ohio-2855.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case Nos. 25CA26 |
| Plaintiff-Appellee, | : | 25CA27 |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| JAMES PATRICK SHEA, II, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 07/21/2026** |

<u>APPEARANCES:</u>

James Patrick Shea, II, Marion, Ohio, appellant pro se.

Jamie Hartley Fountain, Pickaway County Prosecuting Attorney, Circleville, Ohio, for appellee.

Wilkin, J.

**{¶1}** In this consolidated appeal, James Patrick Shea, II, appeals the trial court's decision denying his postsentence motion to withdraw his guilty plea, Pickaway App. No. 25CA26, and his untimely petition for postconviction relief, Pickaway App. No. 25CA27. Shea pleaded guilty to several drug related offenses back in 2021, but did not file his petition for postconviction relief and motion to withdraw his guilty plea until 2025. The trial court determined that Shea failed to demonstrate he was unavoidably prevented from discovering the facts in support of his petition and failed to demonstrate manifest injustice that mandated his guilty plea to be vacated.

**{¶2}** Shea challenges the trial court's decisions and requests that we reverse. We find no abuse of discretion by the trial court; therefore, we affirm the

trial court's decision in denying Shea's motion to withdraw his guilty plea. Additionally, we find that Shea failed to meet the exceptions to warrant the filing of his untimely petition for postconviction relief. Therefore, the trial court lacked jurisdiction to review the merits of the petition. Accordingly, we modify the trial court's decision *denying* Shea's petition to *dismissing* the petition for lack of jurisdiction.

## FACTS AND PROCEDURAL BACKGROUND

{¶3} On June 9, 2021, Shea and the State reached a plea agreement, in which the State dismissed five first-degree felony offenses and three second-degree felony offenses, and amended four offenses to lesser-degree felonies. In exchange, Shea pleaded guilty to one count of engaging in a pattern of corrupt activity with a specification, a first-degree felony, one count of aggravated trafficking in drugs with a specification, a first-degree felony, and four counts of aggravated trafficking in drugs with specifications, all third-degree felonies.

{¶4} In August 2021, Shea was sentenced to an aggregate prison term of 15 years, with 5 years being mandatory. Shea did not directly appeal his convictions and sentence, but in June 2025, he filed a motion to withdraw his guilty plea and a delayed petition for postconviction relief. Shea acknowledged that the motion and petition were untimely, but maintained that he was unavoidably prevented from discovering evidence that the State's witness, a confidential informant, was coerced into assisting law enforcement and that one of the officers was not being truthful. Shea asserted that he did not discover this

evidence until he was able to obtain the trial transcript of a co-defendant, John Lamar Kolle, in August 2024.[1]

**{¶5}** Shea argued that this evidence demonstrates violations of his due process rights and invalidated his guilty plea because the State breached the agreement by concealing exculpatory evidence.  Additionally, Shea argued that his counsel was ineffective for not conducting a thorough investigation of the case.  Shea emphasized that Kolle's conviction for engaging in corrupt activity was reversed on appeal, thus, his conviction should be reversed as well.

**{¶6}** The State disagreed with Shea's assertion that this evidence was new and exculpatory.  The State maintained that the confidential informant's information was provided to Shea during discovery, and, moreover, there is nothing about the testimony that exonerates Shea.

**{¶7}** The trial court denied Shea's motion to withdraw his guilty plea and petition for postconviction without conducting a hearing.  In denying the motion to withdraw his guilty plea, the trial court held that:

> The charges of prosecutorial misconduct and newly discovered evidence tie together, as Defendant complains that the prosecutor did not supply transcripts from codefendant John Kolle's trial.  Kolle's trial occurred on April 29, 2021; Shea pled on June 9, 2021. . . . This Court does not agree that this transcript would qualify as exculpatory evidence.  The prosecution was under no obligation to provide the transcript and defense counsel's decision not to seek the transcript falls squarely within the bounds of the attorney's discretion as to trial strategy.
>  . . .

---

[1] Shea and the State make references to the transcript from Kolle's trial, but the transcript is not part of the record of the case.  We note that any attachment to an appellate brief is not part of the record of the case, in which pursuant to App.R. 9(A)(1), the record of the case is limited to "[t]he original papers and exhibits" filed in the trial court.  The complete transcript from Kolle's trial was not submitted in the trial court proceedings here, and our "review is strictly limited to the record on appeal." *State v. Bumu*, 2017-Ohio-6901, ¶ 13 (1st Dist.).

Defendant argues that but for his counsel's ineffectiveness he would have taken this case to jury trial instead of entering guilty pleas. He hangs his hat on his codefendant Kolle's successful appeal on his RICO charge and purported inaccuracies and shortcomings of witnesses at Kolle's trial. However, as the State of Ohio correctly points out, Mr. Shea's case and Mr. Kolle's case are entirely different. Mr. Shea had multiple direct criminal transactions with an undercover officer, Detective Lewis. Those transactions resulted in fourteen separate charges which were negotiated down to six counts by Mr. Shea's attorney.

. . . No exculpatory evidence was withheld.

After a thorough review of Defendant's file, this Court finds no manifest injustice to warrant the withdrawal of the Defendant's guilty plea after the voluntary giving of such plea.

**{¶8}** The trial court in denying Shea's petition for postconviction relief,

similarly found that

There is no need to reach the merits of this argument, as Defendant has made no case that he was unavoidably prevented from discovering this fact within the statutory period prescribed for a petition for post-conviction relief. Mr. Shea's codefendant had a jury trial on April 29, 2021. Mr. Shea entered his guilty pleas on June 9, 2021.

. . .

this Court does not find that counsel for Mr. Shea was deficient. This Court has reviewed the Kolle case and does not agree that any evidence produced at that trial would be exculpatory to Mr. Shea.

**{¶9}** It is from these judgment entries that Shea appeals.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED IN DENYING APPELLANT'S
        MOTION FOR DELAYED POST-CONVICTION RELIEF.

II.     INEFFECTIVE ASSISTANCE OF COUNSEL.

III.    PROSECUTORIAL MISCONDUCT.

IV.     UNENFORCEABLE PLEA AGREEMENT.
V.      CUMULATIVE EFFECT OF VIOLATIONS.

{¶10} We will address Shea's assignments of error together as they are related and represent sub-arguments within his claim that the trial court erred in denying his petition for postconviction relief and motion to withdraw guilty plea.

{¶11} Shea maintains that he met his burden demonstrating that the transcript of his co-defendant Kolle was new evidence, was improperly withheld from him by the State, and that his trial counsel was ineffective for not obtaining the transcript.  Shea argues that we should reverse the trial court's decision because of prosecutorial misconduct and ineffective assistance of counsel, and that his guilty plea should be vacated because it was entered without informed consent and in violation of his due process rights.  Shea asserts that these errors cumulatively warrant reversal of his guilty plea.

{¶12} In support of his claims, Shea attached a confidential informant identification record and questionnaire—forms that the informant was required to review, complete and sign for law enforcement—as well as excerpts from Kolle's trial.  The transcript excerpts include the confidential informant's testimony that other pending charges against her were dismissed in exchange for her cooperation, and that she was paid approximately $2,000 for being an informant. The transcript excerpts also included testimony from Detective Alan Lewis, which Shea maintains included false statements.  Specifically, Detective Lewis testified that the confidential informant identified Shea as one of the drug dealers, but, on the sheet submitted to law enforcement by the confidential informant, Shea's name was not listed.

{¶13} The State disagrees and maintains that Shea's motion and petition were properly denied by the trial court because they are untimely. The State contends that Shea cannot demonstrate the evidence is new and/or exculpatory, because the confidential informant's identity and the form she completed for law enforcement were submitted in discovery during the pendency of Shea's trial proceedings, which was months prior to Shea's guilty plea. Further, there is nothing in Kolle's trial transcript that is exculpatory or that would impeach any of the State's witnesses that would raise reasonable doubt as to Shea committing the drug trafficking offenses.

{¶14} The State contends that the prosecution had no duty to provide Shea with the transcript of the codefendant's trial proceedings. Second, the State asserts that Shea committed several of the offenses directly with an undercover law enforcement officer. Additionally, the State notes that Shea benefited from the plea agreement with the State in which four of his counts were amended to lesser offenses and eight counts were dismissed. Therefore, the State maintains that Shea cannot demonstrate his trial counsel was ineffective or that the prosecution committed any misconduct to warrant the delayed filing of his motion and petition.

I. Law

A. Standard of Review – Petition for postconviction relief

{¶15} "[A] postconviction proceeding is a collateral civil attack on the judgment," and "the 'right to file a postconviction petition is a statutory right, not a constitutional right.' " *State v. Apanovitch*, 2018-Ohio-4744, ¶ 35, quoting *State*

*v. Broom*, 2016-Ohio-1028, ¶ 28. Accordingly, because the right is statutory, a

petitioner receives "only those rights specifically enumerated in [R.C. 2953.21's]

provisions and no more." *Broom* at ¶ 28. One limitation to the filing of the

petition, is the timeliness of it, in which R.C. 2953.21(A)(2)(a) provides:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

**{¶16}** "A trial court lacks jurisdiction to consider an untimely or a

successive petition if the petitioner fails to satisfy R.C. 2953.23(A)(1)(a) and (b).

*State v. Parker*, 2019-Ohio-3848, ¶ 19." *State v. Morrison*, 2025-Ohio-4937, ¶ 24

(4th Dist.). And as an appellate court, we recognize that, "whether a court

possesses jurisdiction to entertain an untimely or a successive petition is a

question of law" that we "review independently and without deference to the trial

court." *Id.*, citing *State v. Apanovitch*, 2018-Ohio-4744. In order for a trial court

to consider an untimely petition, "[b]oth of the following" must apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was

convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

**{¶17}** We previously outlined that

"A defendant is 'unavoidably prevented' from the discovery of facts if he had no knowledge of the existence of those facts and could not have, in the exercise of reasonable diligence, learned of their existence within the time specified for filing his petition for postconviction relief." *State v. Cunningham*, 2016-Ohio-3106, ¶ 19 (3d Dist.), citing *State v. Holnapy*, 2013-Ohio-4307, ¶ 32 (11th Dist.), and *State v. Ruark*, 2015-Ohio-3206, ¶ 11 (10th Dist.); *see also State v. Brown*, *supra*, at ¶ 9 (4th Dist.). Moreover, "[t]he 'facts' contemplated by this provision are the historical facts of the case, which occurred up to and including the time of conviction." *State v. Williamitis*, 2006-Ohio-2904, ¶ 18 (2d Dist.).

*Morrison* at ¶ 23.

B.  Standard of Review – Postsentence motion to withdraw guilty plea

**{¶18}** Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

"A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.  A "manifest injustice" is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st Dist.), citing *Kreiner* at 208, 699 N.E.2d 83 and *Smith* at 264, 361 N.E.2d 1324.  The term "has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264, 361 N.E.2d 1324.

*State v. Straley*, 2019-Ohio-5206, ¶ 14.

**{¶19}** The decision on whether to grant or deny a motion to withdraw a guilty plea pursuant to Crim.R. 32.1 is left to the sound discretion of the trial court. *Smith*, 49 Ohio St.2d 261, paragraph two of the syllabus. We thus, review the trial court's denial of Shea's postsentence motion to vacate his guilty plea under the abuse of discretion standard. "An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable." *State v. Ables*, 2012-Ohio-3377, ¶ 9 (4th Dist.), citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

**{¶20}** The trial court denied Shea's motion without conducting a hearing. "An evidentiary hearing is not required for deciding postsentence motions to withdraw a guilty plea where the record conclusively and irrefutably contradicts the allegations in the motion." *State v. Cassell,* 2017-Ohio-769, ¶ 27 (4th Dist.), citing *State v. Pasturza*, 2009-Ohio-4222, ¶ 18 (4th Dist.).

C. Ineffective assistance of counsel law

**{¶21}** To demonstrate ineffective assistance of counsel, Shea "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Short*, 2011-Ohio-3641, ¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1988), paragraph two of the syllabus. Failure to demonstrate either prong of this

test "is fatal to the claim."  *State v. Jones,* 2008-Ohio-968, ¶ 14 (4th Dist.), citing *Strickland*, 466 U.S. 668.

**{¶22}** Shea "has the burden of proof because in Ohio, a properly licensed attorney is presumed competent."  *State v. Gondor*, 2006-Ohio-6679, ¶ 62, citing *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999), citing *Vaughn v. Maxwell*, 2 Ohio St.2d 299 (1965).  "In order to overcome this presumption, the petitioner must submit sufficient operative facts or evidentiary documents that demonstrate that the petitioner was prejudiced by the ineffective assistance."  *Id.*, citing *State v. Davis*, 133 Ohio App.3d 511, 513 (8th Dist. 1999).  To demonstrate prejudice, Shea "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland* at 694.

D.  Prosecutorial misconduct law

**{¶23}** Shea's prosecutorial misconduct claim is based on the United States Supreme Court's decision in *Brady v. Maryland*, in which the court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or to punishment, irrespective of the good faith of the prosecution."  373 U.S. 83, 87 (1963).  The Supreme Court of Ohio explained that "*Brady* imposes on the government an obligation to turn over evidence that is both favorable to the defendant and material to guilt or punishment. 'Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial.' "  *State v.*

*Osie*, 2014-Ohio-2966, ¶ 154, citing *Maryland*.

**{¶24}** The State's duty pursuant to *Brady* as a matter of due process is "inclusive of evidence that is exculpatory of guilt, as well as evidence that serves to impeach the State's witnesses." *State v. Green*, 2024-Ohio-3260, ¶ 23 (1st Dist.), citing *Strickler v. Greene*, 527 U.S. 263, 280-281 (1999). And when considering whether evidence is material under *Brady* the question is whether " ' "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." ' " *State v. Jury*, 2022-Ohio-4419, ¶ 11 (6th Dist.), quoting *Kyles v. Whitley*, 514 U.S. 419, 433 (1995), quoting U.*S. v. Bagley*, 473 U.S. 667, 682 (1985). "[R]easonable probability" is defined as a "probability sufficient to undermine confidence in the outcome." *Id*., citing *Bagley* at 682 and *State v. Johnston*, 39 Ohio St.3d 48 (1989), paragraph five of the syllabus.

**{¶25}** Moreover,

> A defendant claiming a Brady violation must demonstrate: "(1) the evidence is favorable to the defendant, because it is either exculpatory or impeaching, (2) the evidence was either willfully or inadvertently suppressed by the [S]tate, and (3) the defendant was prejudiced as a result." *Green* at ¶ 25, citing *State v. Brown*, 2024-Ohio-749, ¶ 30. A Brady claim raises issues of due process that are mixed questions of law and fact, such that the standard of review is de novo. *Id*. at ¶ 22, citing *State v. Smith*, 2018-Ohio-4691, ¶ 24-25 (2d Dist.).

*State v. Lemaster*, 2025-Ohio-5621, ¶ 62 (4th Dist.).

### E. Cumulative error law

**{¶26}** "Under the cumulative-error doctrine, 'a conviction will be reversed

when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal.' " *State v. Knuff*, 2024-Ohio-902, ¶ 288, quoting *State v. Powell*, 2012-Ohio-2577, ¶ 223. Before a reviewing court can find cumulative error, "it must find a reasonable probability that the outcome of the trial would have been different but for the combination of the separately harmless errors." *State v. Ward*, 2007-Ohio-2531, ¶ 49 (4th Dist.), citing *State v. Thomas*, 2001 WL 1103328 (2d Dist. Sept. 21, 2001).

## II. Analysis

**{¶27}** We agree with the trial court's conclusion that Shea failed to demonstrate manifest injustice to warrant vacating his guilty plea, and we also agree that Shea fails to demonstrate the exceptions that permit the filing of his untimely petition for postconviction relief. Shea fails to establish his trial counsel was ineffective, the prosecution committed misconduct, and that his plea was not knowingly, intelligently and voluntarily entered into.

**{¶28}** Shea does not dispute that prior to reaching the plea agreement with the State, he knew the identity of the confidential informant, he was provided the form identifying the confidential informant, and that he knew the identity of his co-defendant Kolle. And the form identifying the confidential informant included her response that she had information related to drug activity, but it did not identify any individual by name. This, however, does not negate the fact that she could have orally informed law enforcement of the name of the individuals involved in drug activities. Additionally, the form advised the confidential

informant that she must report any monetary compensation she received to the Internal Revenue Service.

**{¶29}** Contrary to Shea's assertions, a confidential informant may be compensated monetarily by law enforcement for their assistance in setting up and/or participating in controlled drug buys. The Sixth District Court of Appeals in *State v. Kamal*, overruled an argument challenging several trafficking in drug convictions as being against the manifest weight of the evidence because the confidential informant "was not credible due to his financial incentive to cooperate with police[.]" 2019-Ohio-3928, ¶ 7. The Sixth District held that "[t]o the extent that the jury relied on the confidential informant's testimony to convict Smith, our review of the record has revealed nothing that would justify overturning the jury's decision to do so." *Id*. at ¶ 44. Similarly, in *State v. Davis*, the confidential informant testified that she was paid for assisting law enforcement. 2016-Ohio-1166, ¶ 50 (12th Dist.). The Twelfth District Court of Appeals overruled Davis's challenge to her complicity to trafficking in drugs conviction as being unsupported by sufficient evidence and against the manifest weight of the evidence. *Id*. at ¶ 57. The Twelfth District held that the jury did not lose its way in finding the confidential informant credible. *Id*. at ¶ 57.

**{¶30}** Furthermore, Shea does not dispute that his plea was entered prior to the commencement of Kolle's trial. Thus, Shea cannot demonstrate that his counsel was ineffective for failing to anticipate future proceedings in his co-defendant's case. And there is no legal support for Shea's assertion that the prosecution was required to request a transcript at the conclusion of Kolle's trial

and provide Shea with a copy of that transcript. Kolle's transcript was not in the State's possession. *See State v. McQueen*, 2008-Ohio-6160, ¶ 9 (8th Dist.) ("The rationale underlying *Brady* does not require the state to supply a defendant with all the evidence in the state's possession that might conceivably assist with the preparation of his defense, but to assure that the defendant will not be denied access to exculpatory evidence known only to the state.") (Internal citation omitted.).

{¶31} Moreover, there is nothing exculpatory in the confidential informant's testimony or that of Detective Lewis. To the contrary, a review of the testimony as outlined in the *Kolle* decision, demonstrates Shea committed multiple drug trafficking offenses. Detective Lewis, while working undercover, made "four videotaped controlled buys" directly from Shea. *State v. Kolle*, 2022-Ohio-4322, ¶ 3 (4th Dist.). Wherefore, even if Shea could impeach and undermine the confidential informant's credibility, his convictions would still be supported by the direct evidence of his drug trafficking activity with Detective Lewis. What is more, Kolle's conviction of engaging in a pattern of corrupt activity was reversed because the State failed to "produce evidence of at least two corrupt activities." *Id*. at ¶ 49. That is not the case here, where the record reflects at least four videotaped drug buys committed by Shea.

{¶32} Shea's trial counsel requested discovery prior to Shea's guilty plea, thus there is nothing to demonstrate he was not prepared to proceed to trial. Further, Shea's counsel was able to negotiate a favorable plea agreement which included dismissal of eight felony counts, including five first-degree felonies, and

four second-degree felonies that were amended to third-degree felonies. Therefore, there is nothing to support Shea's claim that his trial counsel was ineffective.

**{¶33}** Based on our finding that no prosecutorial misconduct was committed and Shea fails to demonstrate his trial counsel was ineffective, we summarily conclude that he fails to demonstrate cumulative error to warrant granting his motion to withdraw guilty plea and/or his untimely petition for postconviction relief.

**{¶34}** Accordingly, we overrule Shea's assignments of error and affirm the trial court's decision.  We note, however, "[t]his Court has recently reminded trial courts that when an appellant has not established that any exception applies, a court lacks jurisdiction to consider" a petition for postconviction relief.  *State v. Morrison*, 2025-Ohio-4937, ¶ 27, citing *State v. McDaniel*, 2023-Ohio-3051, ¶ 21 (4th Dist.).  Wherefore, pursuant to App.R. 12(A)(1)(a), we modify the trial court's entry denying Shea's petition for postconviction relief in Pickaway App. No. 25CA26 to a dismissal of the petition for lack of jurisdiction.

CONCLUSION

**{¶35}** Having overruled Shea's assignments of error, we affirm the trial court's decisions as modified.

**JUDGMENT IN PICKAWAY APP. NO. 25CA26 IS AFFIRMED.**

**JUDGMENT IN PICKAWAY APP. NO. 25CA27 IS AFFIRMED AS MODIFIED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IN PICKAWAY APP. NO. 25CA26 IS AFFIRMED AND JUDGMENT IN PICKAWAY APP. NO. 25CA27 IS AFFIRMED AS MODIFIED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
        Kristy S. Wilkin, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**